UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| SHON COOPER AND JACKIE READ, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, § § § § § | | |
| PLAINTIFFS § | | CA NO. 4:23-cv-140 |
| v. § § | | |
| INTACT PROFESSIONAL HEALTH & SAFETY SERVICES, INC., § § § | | JURY TRIAL DEMANDED |
| DEFENDANT § | | |

## PLAINTIFFS' ORIGINAL COLLECTIVE ACTION COMPLAINT

Named Plaintiffs Shon Cooper and Jackie Read ("Named Plaintiffs"), on behalf of themselves and all others similarly situated ("Class Members") (Named Plaintiffs and Class Members are collectively referred to as "Plaintiffs") bring this Fair Labor Standards Act ("FLSA") suit against Intact Professional Health & Safety Services, Inc. under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended.

### I. NATURE OF SUIT

1. The FLSA was passed by Congress in 1938 to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Walling v. Helmerich*

*& Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207(a)).

2. Intact Professional Health & Safety Services, Inc. ("Intact" or "Defendant") has violated the FLSA by failing to pay overtime premiums to its safety inspectors.

3. Because there are other putative plaintiffs who are similarly situated to the Named Plaintiffs with regard to the work performed and the Defendant's compensation policies, Named Plaintiffs bring this action as an opt-in collective action pursuant to 29 U.S.C. § 216(b).

## II. PARTIES

4. Named Plaintiffs Shon Cooper and Jackie Read are individuals residing in this judicial district. Their notices of consent are attached to Plaintiffs' Original Collective Action Complaint as Exhibits A and B, respectively.

5. At all relevant times, Named Plaintiffs were each "employees" of Defendant as defined by the FLSA.

6. At all relevant times, Defendant Intact Professional Health & Safety Services, Inc. was Named Plaintiffs' "employer" as defined by the FLSA.

7. Plaintiffs are Defendant's current and former safety inspectors who were not paid all overtime premiums for hours worked over forty in a workweek.

8. Defendant Intact Professional Health & Safety Services, Inc. is a domestic corporation formed and existing under the laws of the State of Indiana.

9. Defendant Intact Professional Health & Safety Services, Inc. was an employer of Named Plaintiffs and those similarly situated as defined by 29 U.S.C. §203(d).

10. Defendant Intact Professional Health & Safety Services, Inc. can be served by serving its registered agent for service of process, Shawn P. Hammontree, at 810 N. Valley View Trace, New Albany, IN., 47150.

## III. JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction in this matter because Named Plaintiffs assert claims arising under federal law. Specifically, Named Plaintiffs assert claims arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. Therefore, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. This Court also has personal jurisdiction over all parties to this action.

12. The Court has personal jurisdiction over Defendant because Defendant conducts business in Indiana and has entered into relationships with Plaintiffs in Indiana and has committed actions in Indiana that give rise to this cause of action.

13. Venue is proper in the Southern District of Indiana, New Albany Division, pursuant to 28 U.S.C. § 1391(b), as Defendant's principal office is located in this Division, and a substantial part of the events or omissions giving rise to this cause of action occurred in this District and Division. Inasmuch as Defendant is subject to this Court's personal jurisdiction for purposes of this civil action, Defendant resides in this judicial district. Venue in this Court is therefore proper under 28 U.S.C. § 1391(b).

## IV. COVERAGE UNDER THE FLSA

14. At all relevant times, Defendant has acted, directly or indirectly, in the interest of an employer with respect to Named Plaintiffs and the Class Members.

15. At all relevant times, Defendant has been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

16. At all relevant times, Defendant has been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

17. At all relevant times, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendant is an enterprise and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

18. Named Plaintiffs and Class Members handled and otherwise worked with equipment, such as telephones, computers and automobiles that have been moved in or produced for commerce as defined by 29 U.S.C. §203(b).

19. At all times hereinafter mentioned, Named Plaintiffs and Class Members were individual "employees" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207 and whom Defendant at all relevant times "employ[ed]," within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).

## V. FACTUAL ALLEGATIONS

20. Among other things, Defendant provides construction safety consulting and job site safety supervision to contractors in a number of different states. Defendant employed Named Plaintiffs and the Class Members as hourly safety managers who were responsible for ensuring various construction contractors followed safety policies and OSHA guidelines.

21. Throughout their employment with Defendant, Named Plaintiffs consistently worked more than forty hours per workweek.

22. Named Plaintiffs did not receive overtime premiums for any hours worked over forty per workweek.

23. When asked why it did not pay overtime premiums, Defendant stated that overtime pay was just "not in the budget."

24. Defendant regularly refused to pay Named Plaintiffs overtime premiums for all hours worked over forty per workweek.

25. Although they consistently worked very long hours, well over forty hours per week, Plaintiffs were not properly compensated for their overtime hours. Defendant required the Plaintiffs to work the long hours described above, and thus knew that Plaintiffs regularly worked in excess of 40 hours per week. Nonetheless, Defendant failed and refused to compensate Plaintiffs at a rate that is not less than time-and-one-half their regular rates of pay for all hours worked in excess of 40 in a workweek.

26. Defendant has employed and is employing other individuals who have performed the same job duties under the same pay provisions as Named Plaintiffs, in that they have performed, or are performing, the same job duties and have been denied overtime compensation at a rate of not less than one-and-one-half times their regular rates of pay for all hours worked over forty per workweek.

27. Defendant has knowingly, willfully, or with reckless disregard carried out, and continues to carry out, its illegal pattern or practice of failing to pay Named Plaintiffs and the Class Members overtime premiums for all hours worked over forty per workweek.

## VI. COLLECTIVE ACTION ALLEGATIONS

28. Named Plaintiffs and the Class Members have performed—and are performing—the same or similar job duties as one another. Further, Named Plaintiffs and the Class Members were subjected

to the same pay provisions in that they were not paid overtime premiums for all hours worked over forty per workweek. Thus, the Class Members are owed one and one-half times their properly calculated regular hourly rate for all hours worked over forty in a workweek without regard to their individualized circumstances.

29. Defendant has a policy or practice of not paying their safety managers for all hours worked over forty per workweek. This policy or practice is and has been, at all relevant times, applicable to the Named Plaintiffs and all Class Members. Application of this policy or practice does not depend on the personal circumstances of the Named Plaintiffs or those joining this lawsuit. Rather, the same policy or practice that resulted in the refusal to pay overtime premiums for any hours worked over forty per workweek to Named Plaintiffs also applies to all Class Members. Accordingly, the "Class Members" are properly defined as:

> **All current and former safety managers of Defendant who were not paid overtime premiums for all hours worked over forty per workweek.**

## VII. CAUSE OF ACTION

### FAILURE TO PAY OVERTIME WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

30. During the relevant period, Defendant has violated and is violating Section 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as stated herein above, for workweeks longer than 40 hours without compensating such employees for all of their work in excess of forty hours per week at rates no less than one-and-one-half times their correct regular rates for which they were employed.

31. Defendant has acted willfully in failing to pay Named Plaintiffs and the Class Members in accordance with applicable law.

32. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the correct regular rate at which their employees are paid are applicable to the Named Plaintiffs or Class Members.

33. Plaintiffs hereby demand a jury trial.

## VIII. PRAYER FOR RELIEF

Named Plaintiffs Shon Cooper and Jackie Read and the Class Members pray for an expedited order directing notice to putative class members pursuant to 29 U.S.C. § 216(b), and, upon trial of this cause, judgment against Defendant Intact Professional Health & Safety Services, Inc. as follows:

    a.    For an Order pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), finding Defendant liable for unpaid back wages due to Named Plaintiffs (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Named Plaintiffs (and those who may join the suit);

    b.    For an Order awarding Named Plaintiffs (and those who may join in the suit) the taxable costs and allowable expenses of this action;

    c.    For an Order awarding Named Plaintiffs (and those who may join in the suit) attorneys' fees;

    d.    For an Order awarding Named Plaintiffs (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

    e.    For an Order awarding Named Plaintiffs declaratory and injunctive relief as necessary to prevent Defendant's further violations, and to effectuate the purposes, of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*; and

f. For an Order granting such other and further relief, at law or in equity, as may be necessary and/or appropriate.

Respectfully submitted,

Welmaker Law, PLLC

/s/ Douglas B. Welmaker
Douglas B. Welmaker
Attorney-in-Charge
Application for *Pro Hac Vice* pending
State Bar No. 00788641
409 N. Fredonia, Suite 118
Longview, Texas 75601
(512) 799-2048
Email: doug@welmakerlaw.com

**ATTORNEY FOR PLAINTIFFS**