UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| COOPER, ET AL. | ) | Case No. 4:23-cv-140 |
| | ) | |
| Plaintiffs, | ) | JUDGE SARAH BARKER |
| v. | ) | |
| | ) | |
| | ) | |
| INTACT PROFESSIONAL HEALTH & | ) | |
| SAFETY SERVICES, INC., | ) | |
| | ) | |
| Defendant. | | |

## INTACT PROFESSIONAL HEALTH & SAFETY SERVICES, INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COLLECTIVE ACTION COMPLAINT

Defendant Intact Professional Health & Safety Services, Inc. ("Intact" or "Defendant"), by and through counsel, hereby submits its Answer to the putative class and collective action Complaint filed by Plaintiffs Shon Cooper and Jackie Read as follows:

1. Defendant admits that Plaintiffs purport to bring this lawsuit under the laws cited in Paragraph 1 of the Complaint and Defendant denies all remaining allegations in Paragraph 1 of the Complaint.

2. Defendant admits that Plaintiffs purport to bring this lawsuit under the laws cited in Paragraph 2 of the Complaint and Defendant denies all remaining allegations in Paragraph 2 of the Complaint.

3. Defendant admits that Plaintiffs purport to bring this lawsuit under the laws cited in Paragraph 3 of the Complaint and Defendant denies all remaining allegations in Paragraph 3 of the Complaint.

4. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint and therefore denies the allegations.

5. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint and therefore denies the allegations.

6. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint and therefore denies the allegations.

7. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint and therefore denies the allegations.

8. Defendant admits the allegations in Paragraph 8 of the Complaint.

9. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint and therefore denies the allegations.

10. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint and therefore denies the allegations.

11. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint and therefore denies the allegations.

12. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint and therefore denies the allegations.

13. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint and therefore denies the allegations.

14. Defendant denies the allegations in Paragraph 14 of the Complaint.

15. Defendant denies the allegations in Paragraph 15 of the Complaint.

16. Defendant denies the allegations in Paragraph 16 of the Complaint.

17. Defendant denies the allegations in Paragraph 17 of the Complaint.

18. Defendant denies the allegations in Paragraph 18 of the Complaint.

19. Defendant denies the allegations in Paragraph 19 of the Complaint.

20. Defendant denies the allegations in Paragraph 20 of the Complaint.

21. Defendant denies the allegations in Paragraph 21 of the Complaint.

22. Defendant denies the allegations in Paragraph 22 of the Complaint.

23. Defendant denies the allegations in Paragraph 23 of the Complaint.

24. Defendant denies the allegations in Paragraph 24 of the Complaint.

25.  Defendant denies the allegations in Paragraph 25 of the Complaint.

26. Defendant denies the allegations in Paragraph 26 of the Complaint.

27. Defendant denies the allegations in Paragraph 27 of the Complaint.

28. Defendant denies the allegations in Paragraph 28 of the Complaint.

29. Defendant denies the allegations in Paragraph 29 of the Complaint.

30. Defendant denies the allegations in Paragraph 30 of the Complaint.

31. Defendant denies the allegations in Paragraph 31 of the Complaint.

32. Defendant denies the allegations in Paragraph 32 of the Complaint.

33. Defendant denies the allegations in Paragraph 33 of the Complaint.

34. Defendant denies the allegations in Paragraph 34 of the Complaint.

35. Defendant denies the allegations in Paragraph 35 of the Complaint.

36. Defendant denies the allegations in Paragraph 36 of the Complaint.

37. Defendant denies the allegations in Paragraph 37 of the Complaint.

38. Defendant denies the allegations in Paragraph 38 of the Complaint.

39. Defendant denies the allegations in Paragraph 39 of the Complaint.

40. Defendant denies the allegations in Paragraph 40 of the Complaint.

41. Defendant denies the allegations in Paragraph 41 of the Complaint.

42. Defendant denies the allegations in Paragraph 42 of the Complaint.

43. Defendant admits that Plaintiff purports to demand a jury trial and Defendant denies all remaining allegations in Paragraph 43 of the Complaint.

44. Defendant denies that Plaintiffs are entitled to any of the relief requested in the Prayer for Relief contained in the Complaint.

45. Defendant denies each and every allegation of the Complaint not heretofore admitted in this Answer.

## **DEFENSES**

Defendant hereby asserts the following defenses, without prejudice to its right to argue that Plaintiffs bear the burden of proof as to any or all of these defenses.

## **FIRST**

Plaintiffs' claims and those of any current or former purported employee alleged to be similarly situated are barred to the extent that Plaintiffs' Complaint fails to state a claim for which relief may be granted.

## **SECOND**

Plaintiffs cannot satisfy the requirements for a collective action under the FLSA, thus barring collective action treatment of Plaintiff's claims.

## **THIRD**

Plaintiffs' claims and those of any current or former purported employee alleged to be similarly situated are barred to the extent that such persons' claims are brought outside the applicable statute of limitations period.

## FOURTH

Plaintiffs' claims and those of any current or former purported employee alleged to be similarly situated are barred to the extent that Defendant's actions have been taken in good faith, in conformity with, and in reliance upon, rulings, administrative regulations, interpretations, orders, opinions, practices, or enforcement policies of the Department of Labor.

## FIFTH

Plaintiffs' claims and those of any current or former purported employee alleged to be similarly situated are barred, in whole or in part, by the doctrine of payment.

## SIXTH

Defendant did not willfully deprive Plaintiff of any wages and Plaintiffs cannot establish that any acts or omissions of Defendant were willful violations of the law.

## SEVENTH

Plaintiffs' claims and those of any current or former purported employee alleged to be similarly situated are barred, in whole or in part, by the equitable doctrines of waiver, estoppel, unclean hands, and/or laches.

## EIGHTH

Plaintiffs' class and collective action claims are barred to the extent that Plaintiffs are not similarly situated to the purported class and collective action members whom Plaintiffs seek to represent.

## NINTH

Plaintiffs' class and collective action claims are barred to the extent that Plaintiffs lack standing to bring the proposed collective action under the FLSA or other applicable law.

### TENTH

Plaintiffs' claims and those of any current or former purported employee alleged to be similarly situated to Plaintiffs are barred in whole or in part by virtue of the fact that Defendant took and takes reasonable steps to ensure that its employees were and are paid properly.

### ELEVENTH

Plaintiffs' claim for liquidated damages and those of any current or former purported employee alleged to be similarly situated to Plaintiffs are barred because Defendant acted reasonably and in good faith at all times, and had reasonable grounds for believing that it fully complied with applicable law.

### TWELTH

Plaintiffs' attempt to proceed as a class and/or collective action has no basis in law or fact and Defendant should be awarded its fees and costs in defending against any attempt to proceed in this manner.

### THIRTEENTH

Plaintiffs and any current or former purported employees alleged to be similarly situated are not entitled to prejudgment interest.

### FOURTEENTH

Plaintiffs cannot maintain this action as a class and/or collective action because no common questions of law or fact exist.

### FIFTEENTH

Plaintiffs claims are barred because Defendant substantially complied with the applicable regulations.

### SIXTEENTH

Plaintiffs are not an adequate representative of the purported class, and, as such, the Court should not authorized certification of any purported class.

### SEVENTEENTH

Plaintiffs' claims are barred either in whole or in part due to accord and satisfaction.

### EIGHTEENTH

To the extent that Plaintiffs or any current or former purported employees alleged to be similarly situated received any overpayments during their employment with Defendant, any recovery in this matter is subject to a set-off of those overpayments.

### NINETEENTH

Plaintiffs' proposed class and collective definitions are vague, overbroad, and otherwise fail to satisfy the minimum requirements for maintaining a collective action.

### TWENTIETH

Plaintiffs knew and/or acknowledged their status as independent contractors, failed to assert otherwise, and Defendants have been harmed as a result. Even if they were not independent contractors, Plaintiffs are exempt under the FLSA.

### TWENTY-FIRST

Should this court certify this matter conditionally or in any other fashion as a class action, Defendant asserts each of these defenses with respect to each person filing a consent form.

### TWENTY-SECOND

Plaintiffs, upon information and belief, have failed to mitigate the damages they seek to recover from Defendant.

## **TWENTY-THIRD**

Defendant reserves the right to assert such other defenses of which it becomes knowledgeable during the course of discovery.

Respectfully submitted,

*/s/ M. Scott McIntyre*
M. Scott McIntyre (OH75298)
Kaitlin McLeod (OH100138)
BakerHostetler, LLP
312 Walnut St., Ste. 3200
Cincinnati, Ohio 45202
Telephone: (513) 852-2622
Facsimile: (513) 929-0303
Email: smcintyre@bakerlaw.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed through the Court's electronic filing system which will send notice to all parties of record.

*/s/ M. Scott McIntyre*
M. Scott McIntyre (OH75298)
