UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| SHON COOPER on behalf of themselves and all others similarly situated, JACKIE READ on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>INTACT PROFESSIONAL HEALTH & SAFETY SERVICES, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  No. 4:23-cv-00140-SEB-KMB<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER DENYING PLAINTIFFS' MOTION FOR APPROVAL OF FLSA SETTLEMENT**

On August 21, 2023, Plaintiffs Shon Cooper and Jackie Read ("Plaintiffs") brought this putative collective action against Defendant Intact Professional Health & Safety Services, Inc. ("Intact"), pursuant to the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201, *et seq.* On October 2, 2024, the Court conditionally certified this lawsuit as a collective action and permitted the parties to notify potential opt-in plaintiffs using a court-approved notice form. Dkt. 53, 59. On April 2, 2025, the parties informed the Court that they had reached a settlement agreement and were "in the process of preparing a [m]otion" for court approval. Dkt. 66 at 1. On May 2, 2025, Plaintiffs filed an unopposed motion to approve the settlement of this putative collective action under the FLSA. Dkt. 68. For the reasons explained below, that motion is **DENIED** without prejudice.

1

Where, as here "the parties reach settlement after a court has conditionally certified a collective class, the court still must make some final class certification before approving a collective action settlement." *Burkholder v. City of Fort Wayne*, 750 F. Supp. 2d 990, 993 (N.D. Ind. 2010) (internal quotations and citation omitted). At the final certification stage, "the court more rigorously reviews whether the representative plaintiff[s] and the putative claimants are in fact similarly situated s[uch] that the lawsuit may proceed as a collective action." *Smallwood v. Illinois Bell Tel. Co.*, 710 F. Supp. 2d 746, 750 (N.D. Ill. 2010). Unfortunately, Plaintiffs' unopposed motion fails to mention, never mind establish any basis for, final certification of this lawsuit as a collective action. Accordingly, Plaintiffs' unopposed motion for settlement approval must be denied based on their failure to seek (and obtain) final certification of the putative collective class.

Our preliminary review of the Settlement Agreement and Release of Claims (the "Settlement Agreement"), dkt. 68-1, has revealed additional unexplained discrepancies in the parties' submissions. First, the Settlement Agreement includes in its class of "Opt-In Plaintiffs" five individuals who purportedly consented to join this collective action in January 2024—approximately nine months *before* this case was conditionally certified. Dkt. 16–19. The "consequence of conditional certification is the sending of *court-approved* written notice to employees, who in turn become parties to a collective action only by filing written consent with the court." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 75 (2013) (emphasis added) (internal citations omitted). Here, it is unclear how the five individuals referenced above could have consented to join a collective action prior to the parties seeking, and the Court approving, conditional certification and without evidence of their

having received a "court-approved written notice." *Genesis Healthcare Corp.*, 569 U.S. at 75; *see also Inman v. Tap Btown, Inc.*, No. 1:22-cv-01639-SEB-MG, 2023 WL 2529340, at *1 n.1 (S.D. Ind. Feb. 17, 2023) (addressing similar situation where more than a dozen collective members filed notices of consent "[e]ven though [the plaintiff] ha[d] not yet moved for conditional certification of the collective action").

We have also discovered inconsistencies in the names of several opt-in plaintiffs, creating confusion as to the collective members' identities. On December 6, 2024, Plaintiffs filed opt-in plaintiff Martin Itzep's notice of consent. Dkt. 61-1 at 3. Inexplicably, Martin Itzep has not been included as a beneficiary to the Settlement Agreement. *See* dkt. 68-1 at 1. The parties have also identified opt-in plaintiff "David Ryan," *id.*; dkt. 18, whose notice of consent form was signed by "David Murphy," dkt. 18-1.

In light of the foregoing, Plaintiffs' Unopposed Motion for Approval of Settlement Agreement, dkt. 68, is hereby **DENIED** without prejudice. The Parties shall have **TWENTY-EIGHT (28) DAYS** from the date of the order to renew their efforts. In so doing, the parties must request and establish the basis for final certification of the collective as well as address the additional discrepancies described above.

IT IS SO ORDERED.

Date: 6/5/2025

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Josef Buenker
The Buenker Law Firm
jbuenker@buenkerlaw.com

Michael Scott McIntyre
BAKER & HOSTETLER LLP
smcintyre@bakerlaw.com

Kaitlin McLeod
Thompson Hine
kaitlin.mcleod@thompsonhine.com

Douglas B Welmaker
Welmaker Law, PLLC
doug@welmakerlaw.com

Courtney Witten
Baker & Hostetler LLP
cwitten@bakerlaw.com