UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

SHON COOPER, et al.,                         )
                                             )
                    Plaintiffs,              )
                                             )
            v.                               )        No. 4:23-cv-00140-SEB-KMB
                                             )
INTACT PROFESSIONAL HEALTH & SAFETY )
SERVICES, INC.,                              )
                                             )
                    Defendant.               )

**REPORT AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART
MOTION TO ENFORCE SETTLEMENT AGREEMENT AND ENTER JUDGMENT**

Presently pending before the Court is a Motion to Enforce Settlement Agreement and Motion for Order to Show Cause filed by Plaintiffs Shon Cooper and Jackie Read, individually and on behalf of all other similarly situated. [Dkt. 73.] Defendant Intact Professional Health & Safety Services, Inc. ("Intact"), opposes the Plaintiffs' motion, [dkt. 80], and Plaintiffs filed a reply brief, [dkt. 82]. For the reasons explained below, the undersigned **RECOMMENDS** to the District Judge that Plaintiffs' Motion to Enforce be **GRANTED IN PART** and **DENIED IN PART** and that the District Judge enter judgment in favor of Plaintiffs, individually and on behalf of all other similarly situated, and against Intact in the amount of $260,000.00, plus post-judgment interest.

## I.    RELEVANT BACKGROUND

This case is a Fair Labor Standards Act ("FLSA") collective action brought by Plaintiffs Shon Cooper and Jackie Read on behalf of themselves and similarly situated employees alleging unpaid overtime wages. During the litigation, the Court conditionally certified the collective action and approved notice to similarly situated workers. [Dkts. 53; 59.] On April 2, 2025, the Court received notice that the Parties had settled this action. [Dkt. 66.] Because FLSA settlements

1

require court approval, the Parties jointly moved for approval of their Settlement Agreement, [dkt. 71], which the Court approved as fair and reasonable on December 8, 2025, while expressly retaining jurisdiction to enforce the Settlement Agreement's terms.  [Dkt. 72.]

The Parties agree on the underlying facts giving rise to Plaintiffs' Motion to Enforce the Settlement Agreement.  The Parties entered into the Settlement Agreement resolving this FLSA collective action for a total settlement payment of $260,000.00 to be paid in two installments. [Dkt. 71-5.]  The first installment payment of $130,000.00 became due within thirty (30) days after the occurrence of certain conditions set forth in the Agreement, including the Court's approval of the Settlement Agreement.  [Dkt. 71-5 at 5-6.]  The second installment payment of $130,000.00 became due within one hundred and twenty (120) days after that.  [*Id.*]  The Settlement Agreement does not contain an acceleration clause or any other provision addressing the consequences of a missed installment payment.  The Court approved the Parties' Settlement Agreement and expressly retained jurisdiction to enforce its terms.  [Dkt. 72.]

Based on the agreed payment schedule set out in the Parties' Settlement Agreement, Intact's first payment was due on January 7, 2026, and the second payment was due on April 7, 2026. Plaintiffs filed a Motion to Enforce the Settlement Agreement on January 26, 2026, after Intact missed the first payment.  [Dkt. 73.]  In their Motion, Plaintiffs ask the Court to enforce the terms of the Settlement Agreement, order Intact to show cause why judgment in full should not be entered against it, and seek to recover attorneys' fees for preparing the Motion to Enforce.  [*Id.* at 3 (citing *Dunn-Lanier v. Indianapolis Public Sch.*, No. 1:17-cv-03687-SEB-MJD, 2021 WL 466402, at *5 (S.D. Ind. Feb. 9, 2021) (holding that refusal to abide by settlement agreement terms can constitute bad faith that would entitle the wronged party to attorneys' fees)).]

2

Intact responded to Plaintiffs' Motion to Enforce and conceded that Intact "does not dispute the settlement or seek to escape its obligations." [Dkt. 80 at 2.] Instead, Intact asserts that, although it negotiated the Settlement Agreement in good faith and was financially able to perform at the time the agreement was reached, unforeseen events arising before the Court's approval materially impaired its ability to satisfy the Settlement Agreement's payment terms. [*Id.* at 1-3.] Accordingly, Intact asks the Court to deny Plaintiffs' Motion to Enforce, defer enforcement of the payment obligations, and allow Intact a reasonable amount of time to complete payment. [*Id.* at 3.] Intact did not propose any revised payment schedule or identify any definite timeline for payment beyond its generalized assertion that it anticipated satisfying its obligations within six months. [*Id.*]

Plaintiffs did not file a reply brief and the time to do so passed. On April 20, 2026, the Court issued an Order explaining it cannot and will not rewrite the Parties' valid Settlement Agreement, given that neither Party disputes it is enforceable. [Dkt. 81 at 3.] Thus, the Court ordered Plaintiffs to file a reply brief specifically stating the relief they are asking the Court to impose. [*Id.*] The Court strongly encouraged the Parties to negotiate an alternate payment schedule. [*Id.*]

At the Court's direction, Plaintiffs filed their reply brief, clarifying that they are asking the Court to convert the Settlement Agreement into an enforceable judgment of $260,000.00, so that Plaintiffs can pursue post-judgment collection remedies. [Dkt. 82 at 3.] Plaintiffs also renewed their request for attorneys' fees, arguing that Intact's failure to pay any portion of the settlement and its failure to propose any concrete payment schedule forced Plaintiffs to file the pending Motion to Enforce. To the Court's knowledge as of the date of this filing, Intact has not paid any portion of the agreed-upon settlement amount to Plaintiffs.

## II.    APPLICABLE LEGAL STANDARD

A district court possesses the inherent or equitable power to summarily enforce an agreement to settle a case pending before it.  *Wilson v. Wilson*, 46 F.3d 660, 664 (7th Cir. 1995). Enforcement of a settlement agreement is governed by state contract law.  *Beverly v. Abbott Lab'ys*, 817 F.3d 328, 333 (7th Cir. 2016).  "Indiana strongly favors settlement agreements," and "if a party agrees to settle a pending action, but then refuses to consummate his settlement agreement, the opposing party may obtain a judgment enforcing the agreement."  *Georgos v. Jackson*, 790 N.E.2d 448, 453 (Ind. 2003).

## III.    DISCUSSION

### A.  Enforcement of the Settlement Agreement and Entry of Judgment

There is no dispute that the Parties entered into a valid and enforceable Settlement Agreement that the Court approved on December 8, 2025, or that Intact failed to make both installment payments required by the Settlement Agreement.  In response to Plaintiff's Motion to Enforce, Intact expressly concedes that it "does not dispute the settlement or seek to escape its obligations."  [Dkt. 80 at 2.]  Rather, Intact's only request is that the Court defer enforcement of the Settlement Agreement's payment obligations because unforeseen financial circumstances impaired its ability to timely perform.  [*Id.* at 1-3.]

While the Court has no reason to doubt that Intact encountered genuine financial difficulties after the Settlement Agreement was negotiated, those circumstances do not permit the Court to rewrite the Parties' agreement or excuse Intact's nonperformance.  *Natare Corp. v. Aquatic Renovation Systems Inc.*, 987 F. Supp. 695, 700 (S.D. Ind. 1997) ("Settlements allow our courts to operate more efficiently and, equally important, allow the parties to fashion the outcome of their disputes through mutual agreement.  Although settlement agreements differ  from court ordered

judgments, such agreements are nonetheless binding on the parties."). In this case, the Parties' Settlement Agreement contains a clear payment schedule, and Intact admits it failed to comply with it. Indiana law strongly favors the enforcement of settlement agreements according to their terms. *Georgos*, 790 N.E.2d at 453. Moreover, this Court expressly retained jurisdiction to enforce the Parties' Settlement Agreement in this case. [Dkt. 72.]

The Court agrees with Plaintiffs that enforcement of their Settlement Agreement is appropriate in this case. Under the express terms of the Settlement Agreement, Intact's first payment became due on January 7, 2026, and its second payment became due on April 7, 2026. It is undisputed that Intact has failed to pay any portion of the agreed settlement amount. Thus, the entire $260,000.00 settlement amount is now due. Because the Court expressly retained jurisdiction to enforce the Parties' Settlement Agreement, entry of judgment in that amount is appropriate. *See Guzman v. XTC U.S. Xpress Inc. U.S. Inc.*, No. 1:23-cv-01070-JMS-MJD, dkt. 65 at 2 (S.D. Ind. Sept. 24, 2024) ("Because [Defendant] has not made any payments to [Plaintiff] or her counsel as directed in the Settlement Agreement and ordered by the Court, the Court will enter Final Judgment for the full . . . settlement amount plus post-judgment interest."). For these reasons, the undersigned Magistrate Judge recommends that the District Judge enter judgment in favor of Plaintiffs, individually and on behalf of all other similarly situated, and against Defendant Intact, in the amount of $260,000.00, plus post-judgment interest.

### B. Plaintiffs' Requests for Attorneys' Fees and an Order to Show Cause

Plaintiffs also request that the Court order Intact to pay Plaintiffs' attorneys' fees related to briefing their Motion to Enforce. [Dkt. 73 at 3.] Although Plaintiffs cite authority recognizing that bad-faith refusal to comply with a settlement agreement may justify a fee award, the record before the Court does not establish that Intact entered into the Settlement Agreement in bad faith

or has sought to evade its payment obligations. To the contrary, Intact concedes that the Settlement Agreement is enforceable and represents that unforeseen financial circumstances have impaired its ability to timely pay. While those circumstances do not excuse Intact's nonperformance, under the circumstances presented by this case, the undersigned does not find the bad faith necessary to award Plaintiffs their attorneys' fees. Thus, the undersigned recommends that the District Judge deny Plaintiffs' request for attorneys' fees. Moreover, given that the undersigned is recommending that the District Judge enter judgment against Intact, Plaintiffs' separate request for an order to show cause as to why judgment should not enter is moot.

## IV.    CONCLUSION

For the reasons set forth herein, the undersigned Magistrate Judge **RECOMMENDS** that the District Judge **GRANT IN PART AND DENY IN PART** Plaintiffs' Motion to Enforce Settlement Agreement and Motion for Order to Show Cause. [Dkt. 73.] The undersigned Magistrate Judge further **RECOMMENDS** that the District Judge enter judgment in favor of Plaintiffs Shon Cooper and Jackie Read, individually and on behalf of all other similarly situated, and against Defendant Intact Professional Health & Safety Services, Inc., in the amount of $260,000.00, plus post-judgment interest. Finally, the undersigned Magistrate Judge **RECOMMENDS** that the District Judge **DENY** Plaintiffs' request for attorneys' fees and **DENY AS MOOT** Plaintiffs' request for an order to show cause.

Any objections to the Magistrate Judge's Report and Recommendation must be filed in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). Failure to file objections within fourteen (14) days after service will constitute a waiver of subsequent review absent a showing of good cause for such failure. **The Parties should not anticipate any extension of this deadline or any other related briefing deadlines.**

6

**SO RECOMMENDED.**

Date: 5/12/2026

_Kellie M. Barr_

Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email