UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

SHON COOPER, et al.,                    )
                                        )
                Plaintiffs,             )
                                        )
        v.                              )        No. 4:23-cv-00140-SEB-KMB
                                        )
INTACT PROFESSIONAL HEALTH & SAFETY     )
SERVICES, INC.,                         )
                                        )
                Defendant.              )

## ORDER GRANTING
## VERIFIED MOTION FOR PROCEEDINGS SUPPLEMENTAL

Presently pending before the Court is the Verified Motion for Proceedings Supplemental filed by Plaintiffs Shon Cooper and Jackie Read, on behalf of themselves and all others similarly situated. [Dkt. 86.] Defendant Intact Professional Health & Safety Services, Inc., failed to respond to the Motion, and the time to do so has passed. For the reasons explained below, the Motion is **GRANTED**.

### I. BACKGROUND

In April 2025, the Parties entered into a Settlement Agreement resolving this Fair Labor Standards Act ("FLSA") collective action. [Dkt. 71-5.] The Parties jointly moved for the Court's approval of their Settlement Agreement, [dkt. 71], which the Court approved as fair and reasonable on December 8, 2025, while expressly retaining jurisdiction to enforce the Settlement Agreement's terms, [dkt. 72]. On January 26, 2026, Plaintiffs moved to enforce the settlement agreement because Defendant Intact Professional Health & Safety Services, Inc. ("Intact"), failed to satisfy its payment obligations pursuant to the Settlement Agreement. [Dkt. 73.] Intact responded to the Motion and did not dispute that the Parties had entered into a valid and enforceable Settlement

Agreement or that it had missed its installment payments pursuant to that agreement. The undersigned recommended to the District Judge that she grant in part Plaintiffs' Motion to Enforce and enter judgment in favor of Plaintiffs. [Dkt. 83.] The District Judge adopted the undersigned's Report and Recommendation, [dkt. 84], and entered final judgment against Intact in the amount of $260,000.00 ("the Judgment"). [Dkt. 85.]

Plaintiffs filed a Verified Motion for Proceedings Supplemental on June 29, 2026, which includes an Affirmation of Statements under penalties of perjury pursuant to Indiana Trial Rule 69(E). [Dkt. 86.] In their motion, Plaintiffs represent that the Judgment remains wholly unsatisfied despite multiple demands for payment. [*Id.* at 2.] Accordingly, Plaintiffs seek proceedings supplemental pursuant to Federal Rule of Civil Procedure 69(a) and Indiana Trial Rule 69(E). Specifically, Plaintiffs request that Intact appear through its corporate representative, Shawn P. Hammontree, to testify under oath regarding Intact's non-exempt property, assets, income, accounts, and financial condition. [*Id.* at 4.]

## II.  LEGAL STANDARD

"Proceedings supplementary to execution are remedial actions authorized by statute. They enable creditors to enforce money judgments against non-paying debtors." *Garner v. Kempf*, 93 N.E.3d 1091, 1095 (Ind. 2018) (internal citation omitted). Under Federal Rule of Civil Procedure 69, "proceedings supplementary to and in aid of judgment or execution" of a money judgment "must accord with the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(1). Furthermore, the judgment creditor "may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2).

Because this case is pending in the U.S. District Court for the Southern District of Indiana, Indiana Trial Rule 69(E) governs any proceedings supplemental to aid in enforcement. Indiana Trial Rule 69(E) provides:

(E) **Proceedings Supplemental to Execution**. Notwithstanding any other statute to the contrary, proceedings supplemental to execution may be enforced by verified motion or with affidavits in the court where the judgment is rendered alleging generally:

    (1) that the plaintiff owns the described judgment against the defendant;

    (2) that the plaintiff has no cause to believe that levy of execution against the defendant will satisfy the judgment;

    (3) that the defendant be ordered to appear before the court to answer as to his nonexempt property subject to execution or proceedings supplemental to execution or to apply any such specified or unspecified property towards satisfaction of the judgment; and,

    (4) if any person is named as garnishee, that garnishee has or will have specified or unspecified nonexempt property of, or an obligation owing to the judgment debtor subject to execution or proceedings supplemental to execution, and that the garnishee be ordered to appear and answer concerning the same or answer interrogatories submitted with the motion.

If the court determines that the motion meets the foregoing requirements it shall, ex parte and without notice, order the judgment debtor, other named parties defendant and the garnishee to appear for a hearing thereon or to answer the interrogatories attached to the motion, or both.

The motion, along with the court's order stating the time for the appearance and hearing or the time for the answer to interrogatories submitted with the motion, shall be served upon the judgment debtor as provided in Rule 5, and other parties and the garnishee shall be entitled to service of process as provided in Rule 4. The date fixed for appearance and hearing or answer to interrogatories shall be not less than twenty [20] days after service. No further pleadings shall be required, and the case shall be heard and determined and property ordered applied towards the judgment in accordance with statutes allowing proceedings supplementary to execution. In aid of the judgment or execution, the judgment creditor or his successor in interest of record and the judgment debtor may utilize the discovery provisions

> of these rules in the manner provided in these rules for discovery or as provided under the laws allowing proceedings supplemental.

Ind. R. Trial P. 69(E).

"A court's sole objective in conducting proceedings supplemental is 'determining whether an asset is in the judgment debtor's possession or subject to the judgment debtor's control and can be attached to satisfy the judgment.'" *Garner*, 93 N.E.3d at 1095 (quoting *Prime Mortgage USA, Inc. v. Nichols*, 885 N.E.2d 628, 668 (Ind. Ct. App. 2008)).

### III.  DECISION

The Court has reviewed Plaintiffs' Verified Motion and finds that it satisfies the requirements of Indiana Trial Rule 69(E).  Plaintiffs have established that they hold an unsatisfied judgment against Intact and represent that execution alone is unlikely to satisfy the judgment because Intact's assets have not yet been identified.  [Dkt. 86 at 3.]  Plaintiffs therefore seek to examine Intact concerning its non-exempt property in aid of execution.  [*Id.*]  This is indeed the relief contemplated by Federal Rule of Civil Procedure 69(a) and Indiana Trial Rule 69(E).  Accordingly, Plaintiffs' Motion is **GRANTED**.

The Court sets this matter for an **in-person hearing** in this matter at the following time and location:

**August 27, 2026 at 3:30 p.m. (Eastern)**
**United States Courthouse**
**46 E. Ohio Street, Room 243**
**Indianapolis, IN 46204**

**All individuals entering the federal courthouse must have a valid photo identification to enter.**  Plaintiffs shall appear through counsel.  Intact shall appear through counsel and through Shawn P. Hammontree, or another duly authorized corporate representative with sufficient

knowledge of Intact's assets, income, bank accounts, accounts receivable, contracts, and other non-exempt property to answer questions under oath regarding Intact's financial condition.

Should the Parties resolve this matter before the hearing or should Plaintiffs determine that the hearing is no longer necessary, Plaintiffs shall promptly notify the Court and move to vacate the hearing.

Within **fourteen (14) days of this Order**, Plaintiffs shall serve a copy of this Order and the Verified Motion for Proceedings Supplemental on Intact and shall file a Notice of Service on the docket **within seven (7) days thereafter**.

**SO ORDERED**.

Date: 7/17/2026

Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

Courtesy Copy Via U.S. Mail:

Intact Professional Health & Safety Services, Inc.
Attn: Shawn P. Hammontree
810 N. Valley View Trace
New Albany, Indiana 47150